William M. Shernoff (#38856)
Samuel L. Bruchey (#271995)
SHERNOFF BIDART ECHEVERRIA LLP
301 North Cañon Drive, Suite 200
Beverly Hills, CA 90201
Phone: (310) 246-0503
Fax: (310) 246-0380
*Attorneys for Plaintiff Nimfa Pontillas*

Melissa M. Cowan (SBN 175326)
E-mail:  mcowan@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail:  kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel: 213.236.0600 | Fax: 213.236.2700
*Attorneys for Defendant Fidelity Life Association, A Legal Reserve Life Insurance Company (Erroneously sued as Fidelity Life Association, A Mutual Legal Reserve Company)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| NIMFA PONTILLAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY LIFE ASSOCIATION, A MUTUAL LEGAL RESERVE COMPANY and DOES 1 through 50,<br><br>Defendants. | Case No. 8:19-cv-02211-JLS-KES<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND (PROPOSED) PROTECTIVE ORDER** |

IT IS STIPULATED AND AGREED, by and among the parties to this action, Plaintiff Nimfa Pontillas ("Plaintiff") and Defendant Fidelity Life Association, A Legal Reserve Life Insurance Company (erroneously sued as Fidelity Life Association, A Mutual Legal Reserve Company) ("Defendant") (collectively referred to herein as "the parties") that certain documents, materials or

information produced in discovery, shall be subject to the following Agreement with respect to confidentiality and privacy, subject to the approval of the Court.

## 1. PURPOSES AND LIMITATIONS

1.1     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2     Good Cause Statement.  This action arises out of Plaintiff's claim for benefits under an accidental death and dismemberment insurance policy issued by Defendant.  The parties recognize that sensitive, confidential or proprietary information will be sought from each side in discovery.  Disclosure or dissemination of these materials could result in substantial harm to the parties' interests, as well as to third parties.

The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns.  The parties believe that issuance of a protective order, upon stipulated terms and conditions, will balance both parties' rights and needs for reasonable discovery with their interests in keeping sensitive and/or proprietary information confidential.

## 2. DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless

of how it is generated, stored or maintained) or tangible things which a party claims should be protected under Federal Rule of Civil Procedure 26(c) and which should be considered Protected Material under this Order.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their supporting personnel, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in this litigation, including through disclosures or in discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated with regard to disclosures or discovery in this matter.  This would include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations, summaries, or excerpts of such materials.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their personnel).

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Designating Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also

    (a)    any information copied or extracted from Protected Material;

    (b)    all copies, excerpts, summaries, or compilations of Protected Material;

    (c)    any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

    (d)    any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.

    (e)    any deposition transcript or portion thereof that is designated "CONFIDENTIAL" under the terms of this Stipulated Confidentiality Agreement

and Protective Order; and

        (f)    all information contained in such documents or depositions referencing the CONFIDENTIAL material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by Counsel or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3   Access to Protected Material shall be restricted in accordance with the following provisions:

(a)   Protected Material and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions;

(b)   Protected Material shall only be disseminated to or shown to: (1) Counsel; (2) Parties; (3) Professional Vendors; (4) Experts; (5) any private mediator or other ADR professional retained or selected by the parties to assist in the resolution of the matter or appointed by the Court; (6) the court and court personnel; and (7) actual or potential deposition witnesses to testify concerning this litigation.  These persons shall not disclose, discuss or reveal the contents or existence of the Protected Materials or the actual Protected Materials itself to any other person or entity not specifically described in this paragraph unless the Court

so allows.

(c)  No copies, extracts or summaries of any Protected Material shall be made except by or on behalf of Counsel; and such copies, extracts or summaries shall also be designated and treated as Protected Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order. Copies of documents containing Protected Materials that are served on Counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

(d)  Counsel may allow access to Protected Material to their Experts, including consultants, provided that any person who is to receive such material shall be provided with a copy of this Protective Order and shall execute Exhibit 1 attached hereto. Experts shall be specifically advised that the portion of their written work product, which contains or discloses the substance of materials designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel disclosing such material to Experts shall be responsible for obtaining the executed Exhibit in advance of such disclosure and also shall retain the original executed copy of the form. No Protected Materials may be disclosed to an Expert prior to execution of the form attached as Exhibit 1.

(e)  During depositions, Counsel may question any witness about any Protected Material. However, where the witness or deponent testifies about such Protected Material, the party who designated the material "CONFIDENTIAL" may instruct the Court Reporter to mark such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of Designating Party absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL"

documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f) Any Party may, within thirty (30) days after actual receipt of a deposition transcript referencing "CONFIDENTIAL" testimony and/or documents, designate portions of the transcript, or exhibits to it, as being "CONFIDENTIAL." "CONFIDENTIAL" deposition testimony or exhibits may be designated by stamping the exhibits "CONFIDENTIAL" or by underlining the portions of the pages that are "CONFIDENTIAL" and stamping such pages "CONFIDENTIAL," and thereafter notifying the other parties. If exhibits have already been identified or designated as "CONFIDENTIAL," the Designating Party may identify those exhibits in the notification to counsel without reproducing them. Until expiration of the 30-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Stipulated Confidentiality Agreement and Protective Order, unless otherwise agreed to by the parties. If no party timely designates testimony or exhibits from a deposition as being "CONFIDENTIAL," none of the deposition testimony or exhibits thereto will be treated as confidential. If a timely "CONFIDENTIAL" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 6.

(g) In the event that any Protected Material are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court, the Protected Material will be filed under seal in accordance with this Court's Local Rules, unless the Producing Party agrees otherwise.

5.4 Inadvertent Failures to Designate. If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  A Party or Non-Party is not prohibited by this Agreement from challenging a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and Local Rule 37.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall proceed with the preparation and filing of a motion for a protective order to retain confidentiality pursuant to

Central District Local Rule 37.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that documents will not be produced because some or all of the material covered by the subpoena or order is subject to this Protective Order until the parties reach an agreement as to the confidentiality of the subpoenaed Protected Materials. Such notification shall include a copy of this Stipulated Protective Order;

(b) promptly notify in writing the Designating Party, including a copy of the subpoena or court order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action. The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by

the work product doctrine is deemed inadvertent and does not amount to a waiver.

### 10. MISCELLANEOUS

10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

10.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A party seeking to file Protected Materials must request that such documents be filed under seal and must comply with all applicable rules to request that the confidential materials be filed under seal.

### 11. FINAL DISPOSITION

After the Final Disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Designating Party or destroy such material.  As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, summaries, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Confidentiality Agreement and Protective Order.

IT IS SO STIPULATED.

Dated:  May 13, 2020                    SHERNOFF BIDART ECHEVERRIA LLP

By: */s/ Samuel L. Bruchey*
    *[As authorized on May 12, 2020]*
    WILLIAM M. SHERNOFF
    SAMUEL L. BRUCHEY
    Attorneys for Plaintiff Nimfa Pontillas

Dated:  May 13, 2020                    BURKE, WILLIAMS & SORENSEN, LLP
                                        Melissa M. Cowan
                                        Keiko J. Kojima

By: */s/ Keiko J. Kojima*
    Keiko J. Kojima
    Attorneys for Defendant Fidelity Life Association, A Legal Reserve Life Insurance Company (Erroneously sued as Fidelity Life Association, A Mutual Legal Reserve Company)

# **EXHIBIT 1**

# **AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he or she has read the Protective Order entered into on behalf of the Parties to *Nimfa Pontillas v. Fidelity Life Association*, Case No. 8:19-cv-02211-JLS-KES, pending in the United States District Court, Central District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____     _____
                                                      Signature

                                                      _____
                                                      Printed Name

                                                      _____

                                                      _____
                                                      Address

# **PROTECTIVE ORDER**

Upon consideration of the Stipulated Confidentiality Agreement And Protective Order between the parties in *Nimfa Pontillas v. Fidelity Life Association*, Case No. 8:19-cv-02211-JLS-KES, the Court hereby approves of said Agreement and orders the parties to comply with its terms. Designated "CONFIDENTIAL" Discovery Materials to be produced by any of the parties shall be subject to this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: May 13, 2020            *Karen E. Scott*
                               Honorable Karen E. Scott
                               United States Magistrate Judge